UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARGUERITE BAGAROZZI

                  Plaintiff,                  COMPLAINT

  -against-

NEW YORK CITY DEPARTMENT OF        JURY TRIAL DEMANDED
EDUCATION; SHOMARI AKIL, PRINCIPAL
of QUEENS ACADEMY HIGH SCHOOL;
NATHIFA MORRIS, ASSISTANT
PRINCIPAL of QUEENS ACADEMY HIGH
SCHOOL,

                  Defendants.

---

Plaintiff **MARGUERITE BAGAROZZI**, by and through her attorneys GLASS KRAKOWER LLP, as and for her Complaint, alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, tenured English teacher, Marguerite Bagarozzi brings this action against the New York City Department of Education ("NYCDOE"), as well as her former Principal, Shomari Akil, and former Assistant Principal, Nathifa Morris, (1) pursuant to 42 U.S.C. Section 1983 for retaliation based on her union activity as protected by the First Amendment; (2) pursuant to the Rehabilitation Act of 1973, Section 504, 29 USC § 794, for retaliation after Plaintiff filed grievances on behalf of students with special needs; (3) pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, for retaliation after Plaintiff filed grievances on behalf of students with special needs; (4) pursuant to the Age Discrimination in Employment Act ("ADEA"); (5) pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), (6) pursuant to 42 U.S.C. Section 1981; (7) pursuant to the New York State Human Rights

1

Law ( "NYSHRL"); and (8) pursuant to the New York City Human Rights Law ( "NYCHRL"), based on age and race discrimination at her workplace.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the First Amendment, Rehabilitation Act, ADA, ADEA and Title VII, Section 1981 and 1983.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

4.      Plaintiff Marguerite Bagarozzi is a resident of the City of New York and State of New York.

5.      At all times relevant herein, Defendant NYCDOE is a city school district established pursuant to Title II, Article-52-A of the New York State Education Law, NY Educ. Law Section 2590 *et seq.*, and a recipient of federal and state funds.

6.      At all times relevant herein, Shomari Akil was the Principal of Queens Academy High School, a high school in District 25 of Queens, New York, within the NYCDOE. Upon information and belief, he is approximately 53 years old and is black.  He is sued in his individual and official capacity.

7.      At all times relevant herein, Nathifa Morris was an Assistant Principal at Queens Academy High School in Queens, New York, within the NYCDOE. Upon information and belief, she is approximately 40 years old and black.  She is sued in her individual and official capacity.

## FACTUAL ALLEGATIONS

8.  Plaintiff has been employed as a high school English teacher at Queens Academy High School ("the School") since 2007.

9.  She has been teaching within the NYCDOE since 2000.

10. Plaintiff has generally been rated Satisfactory and/or Effective and/or Highly Effective throughout her teaching career.

11. Plaintiff is 68 years old and white.

12. Plaintiff is among the eldest and most senior teachers at the School.

13. Plaintiff was the surrogate for the union chapter leader for the Jamaica campus of the School since the beginning of the 2016-17 school year. As union surrogate, Plaintiff acted on behalf and in the stead of the former union chapter leader, Jennifer Squires.

14. Defendants Akil and Morris are significantly younger than Plaintiff and black.

15. Defendant Akil has been principal at the School since the 2015-16 school year. However, Defendant Akil was removed as principal of the School in or around August 2017.

16. Defendant Morris was excessed from the School in or around September 2017.

17. During the 2016-17 school year, Plaintiff filed grievances on behalf of herself and others at the School as surrogate to the union chapter leader.

18. On November 14, 2016, Plaintiff filed a grievance of the faculty and staff at the School regarding parking permits that were not extended to all staff members at the school. Following the filing of this grievance, all faculty and staff were granted the privilege to park by the back of the School. Parking was rescinded shortly thereafter, yet there were several non-white faculty members that continued to park in the lot.

19. On December 1, 2016, Plaintiff filed a grievance against her administration on behalf of students at the School relating to students with special needs not receiving mandated services, which was in violation of city and state law. Eventually, as a result of this grievance, a self-contained special education teacher was hired at the school.

20. Following the issuance of these grievances, during the second half of the 2016-17 school year, Plaintiff suddenly started receiving less-than-effective evaluations after having received a Highly Effective Measure of Teacher Performance ("MOTP") and Effective Advance Overall Rating the year before.

21. Plaintiff was given no notice of when she would be observed, despite similarly situated younger, non-white teachers being given such notice.

22. Plaintiff ultimately received a Developing MOTP during the 2016-17 school year as a result of these less-than-effective evaluations.

23. Plaintiff also received unwarranted disciplinary letters and became the subject of unwarranted investigations during the 2016-17 school year.

24. Specifically, after Plaintiff fell at school on December 22, 2016 due to a slippery floor, Defendant Akil accused Plaintiff of intentionally falling in order to defraud Defendants. Defendant Akil initiated an unwarranted investigation with the Special Commissioner of Investigation for the New York City School District ("SCI"), which was substantiated by SCI but later unsubstantiated and dismissed by an impartial Section 3020-a hearing officer.

25. On March 10, 2017, Defendant Morris issued Plaintiff a letter advising her to change her grading policy. Plaintiff complied with this directive, yet Defendants failed to memorialize this in writing.

26. On May 5, 2017, Assistant Principal ("AP") Derek Phillips issued Plaintiff a disciplinary letter, at the direction of Defendants, substantiating an allegation of verbal abuse against her, which was issued late in violation of the UFT-DOE contract.

27. On May 18, 2017, AP Phillips, at the direction of Defendants, issued Plaintiff another letter informing Plaintiff once again that the same allegation as contained in the May 5, 2017 letter was substantiated, again which was issued late in violation of the UFT-DOE contract.

28. Plaintiff is aware of similarly situated, younger, non-white teachers at the School that have been treated better than Plaintiff, including, but not limited to, not being given advance notice of meetings on numerous occasions that the similarly situated younger non-white teachers were given notice of.

29. In or around October 2016, Plaintiff injured her foot/toe and had difficulty walking. She requested from Defendant Akil permission to park closer to the school, but he denied her request. However, Plaintiff was aware of other younger, non-white teachers who had been given permission to park closer to the school than Plaintiff by Defendant Akil.

30. Additionally, Plaintiff was denied the opportunity to earn per session income during the 2015-16 and 2016-17 school years than similarly situated younger, non-white teachers were given. These opportunities were not even posted, as they should have been, but were rather directly given to certain individuals by Defendants.

31. On or about May 25, 2017, Plaintiff was reassigned from her teaching assignment because she had been served with Education Law Section 3020-a ("3020-a") disciplinary charges that same day. However, Plaintiff remained in the building at all times.

32. The Section 3020-a charges contained five distinct specifications relating to two alleged incidents.

33. The first allegation dated back to the 2014-15 school year, while the second allegation dated back to the 2016-17 school year.

34. Because of Plaintiff's reassignment from her duties, she has been unable to earn per session and summer school pay—which she had obtained the previous three years—causing her significant economic loss.

35. From May 25, 2017 until the end of the school year, Plaintiff was denied access to her classroom to collect her personal and professional belongings. Plaintiff had no access to her library of material, costly decorations and various accoutrements, resulting in financial loss.

36. On June 21, 2017, the School's annual Staff Potluck Luncheon took place. Plaintiff was the only teacher not given an email regarding this event.

37. On June 28, 2017, the School's graduation ceremony took place. Plaintiff was the only individual not invited to the ceremony.

38. On or about July 3, 2017, due to her pending Section 3020-a hearing, Plaintiff went to the School to obtain a copy of her personnel file, as was her right. From about May 25, 2017 to this day, Plaintiff had repeatedly requested access to her file, but was denied such access.

39. On July 3, 2017, when she arrived at the School, AP Phillips denied Plaintiff the opportunity to see her file after three requests. Only after Plaintiff threatened to contact her union and SCI was she granted access to her file.

40. Upon examining her file, Plaintiff saw that new letters had been placed in her file that she had never seen, in contravention of lawful procedure.

41. On August 10, 2017, Plaintiff filed a complaint with the New York State Division of Human Rights ("DHR"), alleging race and age discrimination, as well as retaliation.

42.     Beginning October 18, 2017, and continuing on December 12, 13, 19, 2017 and January 3, 8 and 10, 2018, Plaintiff attended scheduled hearing days for her Section 3020-a disciplinary hearing.

43.     On January 30, 2018, Lisa C. Charles, a Section 3020-a Hearing Officer, issued a decision substantiating the allegation dating back to the 2014-15 school year but dismissing the allegation related to the 2016-17 school year against Plaintiff. She issued Plaintiff a $2,000 penalty as a result of the Section 3020-a hearing.

44.     Notably, the Hearing Officer dismissed all of the allegations initiated against her by Defendant Akil.

45.     Plaintiff received a Notice of Right to Sue letter from the U.S. Equal Employment Opportunity Commission dated March 5, 2018. A copy of Plaintiff's Right to Sue letter is annexed hereto.

### **FIRST CLAIM FOR RELIEF**

**(Against all Defendants – First Amendment Retaliation)**

46.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

47.     Plaintiff, as union surrogate chapter leader, filed grievances on behalf of herself and the faculty and staff at the School.

48.     The grievances filed on behalf of Plaintiff touched on matters of public concern.

49.     Defendants, through the aforementioned conduct, have violated 42 U.S.C. Section 1983, by retaliating against Plaintiff by advocating for other members as a union surrogate in violation of the First Amendment.

50.     As a result, Plaintiff has suffered damages to be determined at trial.

51.

## SECOND CLAIM FOR RELIEF

**(Against all Defendants – Retaliation in Violation of the Rehabilitation Act)**

52. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

53. Plaintiff filed a grievance on behalf of the students with special needs at her school.

54. These students were the beneficiaries of federal funding subject to Section 504 of the Rehabilitation Act.

55. The School was violating the needs of the students with special needs by denying them services mandated by federal, state and local law.

56. In response to Plaintiff's grievance on behalf of the special needs students, Defendants retaliated against Plaintiff in the form of less-than-effective evaluations, letters to file, investigations, and 3020-a charges.

57. As a result, Plaintiff has suffered damages to be determined at trial.

## THIRD CLAIM FOR RELIEF

**(Against Defendant NYCDOE – Retaliation in Violation of the Americans with Disabilities Act)**

58. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

59. Plaintiff filed a grievance on behalf of the students with special needs at her school.

60. These students were the beneficiaries of state and city funding.

61. The School was violating the needs of the students with special needs by denying them services mandated by federal, state and local law.

62. In response to Plaintiff's grievance on behalf of the special needs students, Defendants retaliated against Plaintiff in the form of less-than-effective evaluations, letters to file, investigations, and 3020-a charges.

63. As a result, Plaintiff has suffered damages to be determined at trial.

### FOURTH CLAIM FOR RELIEF

**(Against Defendant NYCDOE – Age Discrimination in Violation of ADEA)**

64. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

65. Defendants, through the aforementioned conduct, have violated the federal Age Discrimination in Employment Act, by discriminating against Plaintiff by rating her in a less-than-effective manner; issuing her unwarranted disciplinary letters to file; bringing her up on Education Law Section 3020-a disciplinary charges; reassigning Plaintiff away from her duties; and denying Plaintiff the opportunity to earn per session and summer school pay.

66. As a result, Plaintiff has suffered damages to be determined at trial.

### FIFTH CLAIM FOR RELIEF

**(Against Defendant NYCDOE – Race Discrimination in Violation of Title VII)**

67. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

68. Defendant, through the aforementioned conduct, has violated Title VII, by discriminating against Plaintiff by rating her in a less-than-effective manner; issuing her unwarranted disciplinary letters to file; bringing her up on Education Law Section 3020-a disciplinary

9

charges; reassigning Plaintiff away from her duties; and denying Plaintiff the opportunity to earn per session and summer school pay.

69. As a result, Plaintiff has suffered damages to be determined at trial.

## SIXTH CLAIM FOR RELIEF

**(Against Defendant NYCDOE – Race Discrimination in Violation of 42 USC Section 1981)**

70. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

71. Defendant, through the aforementioned conduct, has violated 42 U.S.C. Section 1981, by discriminating against Plaintiff by rating her in a less-than-effective manner; issuing her unwarranted disciplinary letters to file; bringing her up on Education Law Section 3020-a disciplinary charges; reassigning Plaintiff away from her duties; and denying Plaintiff the opportunity to earn per session and summer school pay.

72. As a result, Plaintiff has suffered damages to be determined at trial.

## SEVENTH CLAIM FOR RELIEF

**(Against all Defendants – Age and Race Discrimination in Violation of NYSHRL)**

73. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

74. Defendants, through the aforementioned conduct, have violated the NYSHRL, by discriminating against Plaintiff by rating her in a less-than-effective manner; issuing her unwarranted disciplinary letters to file; bringing her up on Education Law Section 3020-a

10

disciplinary charges; reassigning Plaintiff away from her duties; and denying Plaintiff the opportunity to earn per session and summer school pay.

75. As a result, Plaintiff has suffered damages to be determined at trial.

## EIGHTH CLAIM FOR RELIEF

### (Against all Defendants – Age and Race Discrimination in Violation of NYCHRL)

76. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

77. Defendants, through the aforementioned conduct, have violated the NYSHRL, by discriminating against Plaintiff by rating her in a less-than-effective manner; issuing her unwarranted disciplinary letters to file; bringing her up on Education Law Section 3020-a disciplinary charges; reassigning Plaintiff away from her duties; and denying Plaintiff the opportunity to earn per session and summer school pay.

78. As a result, Plaintiff has suffered damages to be determined at trial.

## JURY DEMAND

Plaintiff demands a trial by a jury on all of the triable issues of this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant NYCDOE is in violation of the First Amendment;

B. A declaratory judgment that Defendant NYCDOE is in violation of the federal ADA;

11

C. A declaratory judgment that Defendant NYCDOE is in violation of the federal Rehabilitation Act;

D. A declaratory judgment that Defendant NYCDOE is in violation of the federal ADEA;

E. A declaratory judgment that Defendant NYCDOE is in violation of Title VII;

F. A declaratory judgment that Defendant NYCDOE is in violation of 42 U.S.C. Section 1981;

G. A declaratory judgment that Defendants are in violation of New York State Human Rights Law;

H. A declaratory judgment that Defendants are in violation of New York City Human Rights Law;

I. Awarding Plaintiff compensatory damages (including but not limited to emotional distress damages) and punitive damages (to the extent available) pursuant to the Rehabilitation Act, ADEA, Title VII, 42 U.S.C. Section 1981, and the New York State and City Human Rights Law;

J. Awarding Plaintiff costs and reasonable attorneys' fees; and

K. Such other and further relief as to this Court may deem necessary, just and proper.

Dated: New York, New York
May 28, 2018

          **GLASS KRAKOWER LLP**
          Attorneys for Plaintiff
          100 Church Street, Suite 800
          New York, NY 10007
          (212) 537-6859

By: _____
      Bryan D. Glass, Esq.