18 CV 4893 (RA)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

========================================

MARGUERITE BAGAROZZI,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
SHOMARI AKIL, PRINCIPAL of QUEENS ACADEMY HIGH
SCHOOL; NATHIFA MORRIS, ASSISTANT PRINCIPAL of
QUEENS ACADEMY HIGH SCHOOL,

Defendants.

========================================

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

========================================

**GLASS & HOGROGIAN LLP**

Attorneys for Plaintiff
85 Broad Street, 18th Floor @ Wework
New York, NY 10004

Bryan D. Glass, Esq.
Tel: 212-537-6859
bglass@ghnylaw.com

Served October 30, 2018

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ............................................................................. ii

PRELIMINARY STATEMENT ....................................................................... 1

STATEMENT OF FACTS ............................................................................... 3

     A. First Amendment Retaliation .............................................................. 3

     B. Discrimination and Hostile Work Environment Due to Age and Race ............. 4

ARGUMENT.............. .................................................................................... 6

POINT I

THE COMPLAINT PLEADS MORE THAN ADEQUATE VALID RACE
AND AGE DISCRIMINATION AND HOSTILE WORK ENVIRONMENT CLAIMS
UNDER TITLE VII, THE ADEA, THE NYSHLR AND THE NYCHRL......................... 6

     A. Standard of Law ................................................................................ 6

     B. Plaintiff Has Stated Valid Title VII and ADEA Discrimination Claims
        Based on Race and Age ................................................................... 6

     C. Plaintiff Has Stated Valid NYSHRL and NYCHRL Discrimination Claims
        Based on Race and Age ................................................................... 12

POINT II

THE  COMPLAINT PLEADS MORE THAN ADEQUATE VALID FIRST
AMENDMENT RETALIATION CLAIMS........................................................... 14

     A. Standard of Law .............................................................................. 14

     B. Plaintiff Spoke as a Private Citizen.................................................... 15

     C. Plaintiff's Spoke on Matters of Public Concern................................... 16

CONCLUSION............................................................................................ 16

# TABLE OF AUTHORITIES

**Cases:**

Anemone v. Metro. Transp. Auth.,
   629 F.3d 97 (2d Cir. 2011)......................................................................................14

Appel v. Spiridon,
   531 F.3d 138 (2d Cir. 2008)....................................................................................8

Awad v. City of New York,
   2014 U.S. Dist. LEXIS 63234 (E.D.N.Y. May 7, 2014) .......................................13

Bennett v. Lucier,
   2010 U.S. Dist. LEXIS 130308 (NDNY Dec. 9, 2010)......................................14-15

Burlington Industries, Inc. v. Ellerth,
   524 U.S. 742 (1998)..................................................................................................9

Collins v. City of NY,
   156 F. Supp.3d 448 (S.D.N.Y. 2016)....................................................................13

Crady v. Liberty Nat'l Bank and Trust Co.,
   993 F.2d 132 (7th Cir. 1993)...................................................................................7

Demoret v. Zegarelli,
   451 F.3d 140 (2d Cir. 2006)....................................................................................7

Fields v. N.Y. State Office of Mental Retardation & Developmental Disabilities,
   115 F.3d 116 (2d Cir. 1997)..................................................................................10

Fisher v. Vassar College,
   114 F.3d 1332 (2d Cir. 1997)................................................................................10

Gallagher v. Delaney,
   139 F.3d 338 (2d Cir. 1998)..................................................................................10

Graham v. Long Island R.R.,
   230 F.3d 34 (2d Cir. 2000)......................................................................................6

Harris v. Forklift Sys., Inc.,
   510 U.S. 17 (1993).....................................................................................................9

Hausdorf v. NYCDOE,
   2018 U.S. Dist LEXIS 13330 [S.D.N.Y. Jan. 25, 2018, No. 17-CV-2115 (PAE)(SN)]...............2

Henry v. NYC Health & Hosp. Corp.,
    18 F.Supp. 3d 396 (S.D.N.Y. 2014)................................................................12

Herling v. New York City Dep't of Educ.,
    2014 U.S. Dist LEXIS 56442 [E.D.N.Y. Apr. 23, 2014, No. 13-cv-5287] ..................................7

Hongyan Lu v. Chase Inv. Servs. Corp.,
    412 Fed. Appx. 413 (2d Circ. 2015) .................................................................6

Kelly v. Huntington Union Free Sch. Dist. ("Huntington Union"),
    2012 US Dist LEXIS 45725 [E.D.N.Y. Mar. 30, 2012, No. 09-CV-2101 (JFB) (ETB)]......... 7-8

Littlejohn v. City of New York,
    795 F.3d 297 (2d Cir. 2015)............................................................................10

Lovejoy—Wilson v. NOCO Motor Fuel, Inc.,
    263 F.3d 208 (2d Cir. 2001)...........................................................................8

Matthews v. City of New York,
    779 F.3d 167 (2d Cir. 2015)..........................................................................14

McDonnell Douglas Corp. v. Green,
    411 U.S. 792, 802-04 (1973)......................................................................6, 10

Monterroso v. Sullivan & Cromwell LLP,
    591 F. Supp. 2d 567 (S.D.N.Y. 2008).............................................................9

Payson v Bd. of Educ. of Mount Pleasant Cottage Sch.,
    2017 U.S. Dist. LEXIS 154296 (S.D.N.Y. Sept. 20, 2017)...............................14, 15

Pekowsky v. Yonkers Bd. of Educ.,
    23 F.Supp.3d 269 (S.D.N.Y. 2014) ..............................................................14, 16

Pucino v. Verizon Wireless Communications, Inc.,
    618 F.3d 112 (2d Cir. 2010)...........................................................................9

Richardson v. New York State Dep't of Correctional Serv.,
    180 F.3d 426 (2d Cir. 1999)............................................................................7

Sank v. City Univ. of New York,
    2011 U.S. Dist. LEXIS 125016 (S.D.N.Y. Oct. 27, 2011) ...............................12

Sealy v. Hertz Corp,
    688 F. Supp. 2d 247 (S.D.N.Y. 2009).............................................................8

Shumway v. United Parcel Serv., Inc.,
   118 F.3d 60 (2d Cir. 1997)..................................................................................11

Singer v. Ferro,
   711 F.3d 334 (2d Cir. 2013)................................................................................14

Stratton v. Dep't for the Aging for City of N.Y.,
   132 F.3d 869 (2d Cir. 1997)................................................................................10

Tolbert v. Smith,
   790 F.3d 427 (2d Cir. 2015)................................................................................10

Tomka v. Seiler Corp.,
   66 F.3d 1295 (2d Cir. 1995)..................................................................................9

Wanamaker v. Columbian Rope Co.,
   108 F.3d 462 (2d Cir. 1997)..................................................................................7

Weintraub v. Bd. of Educ. of City Sch. Dist. of City of N.Y.,
   593 F.3d 196 (2d Cir. 2010)................................................................................14

White v. Roosevelt Union Free School District,
   2017 U.S. Dist. LEXIS 210480 [E.D.N.Y. Dec. 20, 2017, No. 15-CV-1035 (JS) (SIL)]. ...........2

Williams v Regus Mgt. Group, LLC,
   836 F Supp. 2d 159 (S.D.N.Y. 2011).................................................................12

Woodman v. WWOR-TV, Inc.,
   411 F.3d 69 (2d Cir. 2005)....................................................................................6

Zimmerman v. Associates First Capital Corp.,
   251 F.3d 376, 381 (2d Cir. 2001).......................................................................12

**Statutes:**

Age Discrimination in Employment Act of 1967 (ADEA)
      29 U.S.C. § 621 (1967) .................................................................................1, 6

Title VII of the Civil Rights Act of 1964 ("Title VII")
      Civil Rights Act of 1964 § 7, 42 U.S.C. § 2000e et seq (1964)........................................1, 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARGUERITE BAGAROZZI,

                          Plaintiff,

        -against-                                   18 Civ. 4893 (RA)

NEW YORK CITY DEPARTMENT OF
EDUCATION; SHOMARI AKIL, PRINCIPAL
of QUEENS ACADEMY HIGH SCHOOL;
NATHIFA MORRIS, ASSISTANT
PRINCIPAL of QUEENS ACADEMY HIGH
SCHOOL,

                          Defendants.

---

## **PRELIMINARY STATEMENT**

Plaintiff MARGUERITE BAGAROZZI ("Plaintiff" or "Bagarozzi"), a long-term tenured English teacher employed by the New York City Department of Education ("NYCDOE"), submits this memorandum of law in response to Defendants' motion to dismiss the complaint in this action.

This action was commenced pursuant to the federal Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §1983 ("§1983"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), for age (68) and race (white) discrimination, and retaliation based on Plaintiff's union activity as protected by the First Amendment.

For the reasons stated below, Defendants' motion to dismiss should be denied. Plaintiff has validly pled *prima facie* claims of age and race discrimination and First Amendment retaliation.

She has alleged that she suffered adverse employment actions in the form of Education Law Section 3020-a ("3020-a") disciplinary charges and a hostile work environment due to her age and race. She has alleged facts that would establish an inference of discrimination. Additionally, Plaintiff has identified union grievances that she filed that constitute protected speech made as a private citizen, and she has identified retaliatory conduct that Defendants engaged in in retaliation for her protected speech. Finally, Plaintiff's claims under the NYSHRL and the NYCHRL are not subject to dismissal, as recent precedent suggests that a notice of claim is not required to be filed against a school principal or assistant principal, because they are not officials of the School District for purposes of a notice of claim. Further, because Plaintiff filed a complaint with the New York State Division of Human Rights ("NYSDHR"), such filing may be considered to have put Defendants on notice and satisfy the elements of a notice of claim.

Defendants' motion has reached far beyond what is appropriate for a motion to dismiss, and motions of this type against teachers have been routinely denied at this early stage of litigation. *See Hausdorf v. NYCDOE,* 2018 U.S. Dist. LEXIS 13330 [S.D.N.Y. Jan. 25, 2018, No. 17-CV-2115 (PAE)(SN)]; *White v. Roosevelt Union Free School District*, 2017 U.S. Dist. LEXIS 210480 [E.D.N.Y. Dec. 20, 2017, No. 15-CV-1035 (JS) (SIL)]. Defendants spend much of their motion brief arguing about facts that will be developed in discovery and trial. Defendants' motion to dismiss should be denied, and this matter should be promptly scheduled for pretrial discovery and an eventual trial.

If the Court is inclined to find that any further factual pleadings are necessary before proceeding to discovery, Plaintiff respectfully requests leave to file an amended complaint.

2

## STATEMENT OF FACTS

Plaintiff Marguerite Bagarozzi has been employed with Defendant NYCDOE since 2000 as a high school English teacher and has been assigned to Queens Academy High School ("Queens Academy" or "the School"), which is a high school in District 25 in Queens, New York, since 2007. *See* Amended Complaint ("Am. Compl.") ¶¶ 6, 8-9. For the majority of her career, Ms. Bagarozzi has received "Satisfactory" and/or "Effective" and/or "Highly Effective" ratings. *See id.* at ¶ 10.

Ms. Bagarozzi, who is 68 years old and white, is among the eldest and most senior teachers at the school. *See id.* at ¶¶ 11-12. Ms. Bagarozzi has also served as the surrogate for the union chapter leader for the Jamaica Queens campus of the School since the beginning of the 2016-17 school year, during which time she has filed grievances on behalf of herself and others. *See id.* at ¶¶ 13, 17. In so filing these grievances, Ms. Bagarozzi engaged in union advocacy and representation on behalf of other union members, which qualifies as conduct as a private citizen, and which is protected under the First Amendment. *See id.* at ¶ 23.

Defendant Shomari Akil began serving as Principal of Queens Academy during the 2015-16 school year, and was removed as principal of the School in or around August 2017. *See id.* at ¶¶ 6, 15. Defendant Nathifa Morris served as an Assistant Principal of Queens Academy and was removed from her position in or around September 2017. *See id.* at ¶¶ 7, 16. Both Defendants Akil and Morris are black and significantly younger than Ms. Bagarozzi. *See id.* at ¶ 14.

### A. First Amendment Retaliation

During the 2016-17 school year, Ms. Bagarozzi filed five grievances on behalf of herself and others at Queens Academy. *See id.* at ¶¶ 17-22. These grievances related to unequal parking privileges among staff members, violations of special education law, failure to follow protocol in reporting incidents involving students, failure to follow correct post-evaluation procedures, and

violation of the teachers' Collective Bargaining Agreement ("CBA"). *See id.* at ¶¶ 17-22. These grievances touched on matters that affected numerous union members at the School. *See id.* at ¶ 24.

After Ms. Bagarozzi filed these grievances, she began receiving less-than-effective evaluations and ultimately received a "Developing" Measure of Teacher Performance ("MOTP") for the 2016-17 school year.[1] *See id.* at ¶¶ 25-26. During this school year, Ms. Bagarozzi also received unwarranted disciplinary letters and was the recipient of false accusations of misconduct by her administration. *See id.* at ¶¶ 27-31. Additionally, on or about May 25, 2017, Defendant NYCDOE reassigned Ms. Bagarozzi from her teaching assignment because she had been served with 3020-a disciplinary charges that same day. *See id.* at ¶ 38.

In response to her administration's retaliation for her protected speech and union activity, Ms. Bagarozzi filed an Improper Practice Charge with the New York State Public Employment Relations Board ("PERB") on or about August 10, 2017. *See id.* at ¶ 32. On August 16, 2018, PERB Administrative Law Judge Elena Cacavas issued a decision holding that Defendants Akil and NYCDOE retaliated against Ms. Bagarozzi due to her union activity. *See id.* at ¶ 33.

**B. Discrimination and Hostile Work Environment Due to Age and Race**

Defendants have treated younger, non-white teachers at Queens Academy better than older, white teachers. For example, younger, non-white teachers are given advance notice of meetings and observations. *See id.* at ¶ 34. Further, Defendants have only issued letters to file and held disciplinary conferences with white teachers at the school. *See id.* at ¶ 35.

Defendants have treated Ms. Bagarozzi in particular in a hostile, discriminatory manner. Defendants denied Ms. Bagarozzi's request to park closer to the school after she injured her foot

---

[1] In contrast, Ms. Bagarozzi received a "Highly Effective" MOTP and "Effective" Advance Overall Rating during the 2015-16 school year. *See id.* at ¶ 25.

and toe and had difficulty walking in October 2016, despite granting younger, non-white teachers permission to park closer to the school. *See id.* at ¶ 36. Defendants denied Ms. Bagarozzi the opportunity to earn per session income during the 2015-16 and 2016-17 school years that younger, non-white teachers were given. *See id.* at ¶ 37. As noted, Defendants charged Ms. Bagarozzi with 3020-a charges on May 25, 2017. *See id.* at ¶ 38. From May 25, 2017 until the end of the school year, Defendants denied Ms. Bagarozzi access to her classroom to collect her personal and professional belongings. *See id.* at ¶ 43. Defendants excluded Ms. Bagarozzi from school events, such as the Staff Potluck Luncheon and the school's graduation ceremony. *See id.* ¶¶ 44-45. Defendants also placed letters into Ms. Bagarozzi's file that she had never before seen during the 2016-17 school year, in contravention of lawful procedure. *See id.* at ¶ 47.

As a result of the discriminatory treatment that she experienced at the hands of Defendants, Ms. Bagarozzi dual-filed a complaint with the New York State Division of Human Rights ("SDHR") and the Equal Employment Opportunity Commission ("EEOC") based on age and race discrimination on or about August 10, 2017. She requested and received a right to sue letter from the EEOC dated March 5, 2018, a copy which is annexed as Exhibit A of the Complaint. *See id.* ¶¶ 49, 53.

On January 30, 2018, Lisa C. Charles, a 3020-a Hearing Officer, issued a decision substantiating an allegation against Ms. Bagarozzi from the 2014-15 school year but dismissing all allegations related to the 2016-17 school year. Hearing Officer Charles issued Ms. Bagarozzi a $2,000 penalty as a result of the 3020-a hearing. Notably, the Hearing Officer dismissed all of the allegations initiated against Ms. Bagarozzi by Defendant Akil. *See id.* ¶¶ 52-53.

**ARGUMENT**

**POINT I**

**THE COMPLAINT PLEADS MORE THAN ADEQUATE VALID RACE AND AGE DISCRIMINATION AND HOSTILE WORK ENVIRONMENT CLAIMS UNDER TITLE VII, THE ADEA, THE NYSHLR AND THE NYCHRL**

**A.     Standard of Law**

In order to establish a *prima facie* case of discrimination under the Title VII of the Civil Rights Act of 1964 or the ADEA for discrimination based on her race/color and age, a plaintiff must show that she (1) falls within the protected group; (2) she was performing her duties satisfactorily; (3) she was subject to an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of unlawful discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000); *Hongyan Lu v. Chase Inv. Servs. Corp.*, 412 Fed. Appx. 413 (2d Circ. 2015). Though a plaintiff bears the burden of producing evidence sufficient to support a *prima facie* case of discrimination, such evidence need be no more than "minimal" or "de minimis." *See, e.g., Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 75 (2d. Cir. 2005). A plaintiff's establishment of a *prima facie* case gives rise to a presumption of unlawful discrimination that shifts the burden of production to the defendant, who must proffer a "legitimate, nondiscriminatory reason" for the challenged employment action. *See id.* at 76.

**B.     Plaintiff Has Stated Valid Title VII and ADEA Discrimination Claims Based on Race and Age**

Defendants do not contest that Plaintiff was within a protected group based on race (white) and age, but challenge Plaintiff's claim that she suffered an adverse employment action that occurred under circumstances giving rise to an inference of discrimination. Plaintiff plainly has

6

met her burden for both these elements to survive a motion to dismiss as this early stage of this litigation.

### 1. Plaintiff has suffered multiple materially adverse actions

A plaintiff sustains an adverse employment action if she endures a "materially adverse change" in the terms and conditions of employment. *See Richardson v. New York State Dep't of Correctional Serv.*, 180 F.3d 426, 446 (2d Cir. 1999) (relying on *Crady v. Liberty Nat'l Bank and Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993)). A "materially adverse" change might be indicated by a "material loss of benefits" or other indices unique to a particular situation. *See Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997). Plaintiff has suffered a material loss of benefits. Specifically, she has:

1) Suffered lost wages as a result of losing per session overtime opportunity;

2) Been charged with 3020-a disciplinary charges seeking termination of her employment;

3) Lost income as a result of her 3020-a hearing. *See* Am. Compl. at ¶¶ 38, 41-42, 51.

Courts have held that the temporary loss of a plaintiff's "per session" employment, together with other available evidence of animus based on age, can constitute materially adverse actions for purposes of a plaintiff's federal discrimination claims against the NYCDOE. *See Herling v. New York City Dep't of Educ.*, 2014 U.S. Dist. LEXIS 56442 (E.D.N.Y. Apr. 23, 2014, No. 13-cv-5287) ("Denying an employee the opportunity to work overtime, comp time, or additional per-session employment may . . . constitute an adverse employment action."); *Demoret v. Zegarelli*, 451 F.3d 140, 151 (2d Cir. 2006) (preventing plaintiff from earning overtime and comp time and requiring only the plaintiff to request overtime in writing may constitute adverse employment action). Additionally, "the institution of disciplinary proceedings is sufficient in this circuit to constitute an adverse employment decision." *Kelly v. Huntington Union Free Sch. Dist.*

("*Huntington Union*"), 2012 US Dist LEXIS 45725 (E.D.N.Y. Mar. 30, 2012, No. 09-CV-2101 (JFB) (ETB)), *overruled on other grounds by Appel v. Spiridon*, 531 F.3d 138, 140 (2d Cir. 2008); *Lovejoy—Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 223 (2d Cir. 2001). Defendants contend that because Ms. Bagarozzi acknowledged that she received some per session income during the relevant school years, she has not sufficiently plead that she was actually denied the opportunity to earn per session income during the 2015-16 and 2016-17 school years. This is inaccurate. Ms. Bagarozzi pled that although she did receive some per session income during these two school years, the majority of opportunities were *only* offered directly to younger, non-white teachers. Had these opportunities been publicly posted and available for Ms. Bagarozzi to apply to, she would have sought to work in such capacity. *See* Am. Compl. at ¶ 37. Thus, it is clear that Ms. Bagarozzi has sufficiently plead that she suffered adverse employment actions when she lost per session and was the recipient of 3020-a disciplinary charges.

Additionally, as to the other alleged adverse employment actions, it is important to note that courts have held that no type of alleged adverse employment action should be outright dismissed without exploration as to whether it qualifies as a true adverse employment action. *See Sealy v. Hertz Corp.*, 688 F. Supp. 2d 247, 258 (S.D.N.Y. 2009) ("[I]n the retaliation context, 'no 'type of challenged conduct [may] be categorically rejected as nonactionable' under the [NYCHRL].'") (internal citations omitted).

### 2. *Plaintiff has suffered a hostile work environment*

An employee seeking to bring a hostile work environment claim under Title VII or the ADEA must demonstrate the following to make a prima facie case: (1) she is a member of a protected class; (2) she suffered unwelcome harassment; (3) she was harassed because of her membership in a protected class; and (4) the harassment was sufficiently severe or pervasive to

alter the conditions of employment and create an abusive work environment. *See Monterroso v. Sullivan & Cromwell, LLP*, 591 F. Supp. 2d 567, 584 (S.D.N.Y. 2008); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1305 (2d Cir. 1995), *abrogated on other grounds by Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998). Evaluating a hostile environment involves reviewing the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). The question is whether "a reasonable person would have found it to be [hostile] and if the plaintiff subjectively so perceived it." *Pucino v. Verizon Wireless Commc'ns, Inc.*, 618 F.3d 112, 119 (2d. Cir. 2010).

As outlined in her complaint, Ms. Bagarozzi suffered a constant and pervasive hostile work environment. Defendants denied Ms. Bagarozzi's request to park closer to the school after she injured her foot and toe and had difficulty walking in October 2016, despite granting younger, non-white teachers permission to park closer to the school. Am. Compl. at ¶ 36. Defendants denied Ms. Bagarozzi the opportunity to earn per session income during the 2015-16 and 2016-17 school years that younger, non-white teachers were given. *See id.* at ¶ 37. As noted, Defendants served Ms. Bagarozzi with 3020-a disciplinary charges on May 25, 2017. *See id.* at ¶ 38. From May 25, 2017 until the end of the school year, Defendants denied Ms. Bagarozzi access to her classroom to collect her personal and professional belongings. *See id.* at ¶ 43. Defendants excluded Ms. Bagarozzi from school events, such as the Staff Potluck Luncheon and the school's graduation ceremony. *See id.* at ¶¶ 44-45. Defendants also placed letters into Ms. Bagarozzi's file that she had never seen during the 2016-17 school year, in contravention of the CBA contract and lawful procedure. *See id.* at ¶ 47.

### 3. Plaintiff has alleged facts showing discriminatory intent based on race and age

To defeat a motion to dismiss on the pleadings in a Title VII or ADEA discrimination case, a plaintiff must allege that her race, age, or other membership in a protected category was a motivating factor in the employment decision. In determining this, the Second Circuit assesses whether the plaintiff has met her burden of proving that the adverse employment decision was motivated at least in part by an 'impermissible reason,' *i.e.*, a discriminatory reason." *Stratton v. Dep't for the Aging for City of N.Y.*, 132 F.3d 869, 878 (2d Cir. 1997) (quoting *Fields v. N.Y. State Office of Mental Retardation & Developmental Disabilities*, 115 F.3d 116, 119 [2d Cir. 1997]). A plaintiff can meet that burden through direct evidence of intent to discriminate, *see, e.g., Stratton*, 132 F.3d at 878 & n.4, or by indirectly showing circumstances giving rise to an inference of discrimination. *See, e.g., Tolbert v. Smith*, 790 F.3d 427, 436-37 (2d Cir. 2015). A plaintiff may prove discrimination indirectly either by meeting the requirements of *McDonnell Douglas* and showing that the employer's stated reason for its employment action was pretextual to cover up discrimination, *see, e.g., Fisher v. Vassar Coll.*, 114 F.3d 1332, 1334 (2d Cir. 1997), or by otherwise creating a "mosaic" of intentional discrimination by identifying "bits and pieces of evidence" that together give rise to an inference of discrimination. *See Gallagher v. Delaney*, 139 F.3d 338, 342 (2d Cir. 1998). At the pleadings stage, then, a plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination. *See Littlejohn v. City of New York*, 795 F3d 297 (2d Cir 2015) (requiring facts "suggesting an inference of discriminatory motivation"). A plaintiff may also support an inference of race discrimination by demonstrating that similarly situated employees of a different race were treated more favorably. *See Shumway v. United Parcel*

situated employees of a different race were treated more favorably. *See Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 63 (2d Cir. 1997). In order to make such a showing, the plaintiff must compare herself to employees who are "similarly situated in all material respects." *Id.* at 64.

Throughout her Complaint, Plaintiff has alleged a plethora of situations in which she or other senior, white teachers were treated differently than other younger and non-white employees. For example, younger, non-white teachers are given advance notice of meetings and observations. *See* Am. Compl. at ¶ 34. Defendants have only issued letters to file and held disciplinary conferences with white teachers at the school. *See id.* at ¶ 35. Further, Defendants denied Ms. Bagarozzi's request to park closer to the school after she injured her foot and toe and had difficulty walking in October 2016, despite granting younger, non-white teachers permission to park closer to the school. *See id.* at ¶ 36. Defendants denied Ms. Bagarozzi the opportunity to earn per session income during the 2015-16 and 2016-17 school years that younger, non-white teachers were given. *See id.* at ¶ 37. Plaintiff has plainly met her burden in establishing a *prima facie* claim of discrimination due to her age and race.

Defendants additionally claim that because Ms. Bagarozzi has not identified teachers by name who were treated in a disparate fashion, the Amended Complaint is insufficient to nudge her claims across the line from conveyable to plausible. In support of this position, Defendants cite cases which are inapplicable. In the cases cited by Defendants, courts dismissed complaints where the only link between the plaintiff and others who were treated in a purportedly similar disparate fashion was that they were part of an unspecified class of persons. Indeed, the complaints not only failed to describe who these people were, but failed to identified what the positions or responsibilities were, how their workplace compared to the plaintiff, and how they were treated. *Cf., e.g, Henry v. NYC Health & Hosp. Corp.*, 18 F Supp. 3d 396, 408 (S.D.N.Y. 2014). In contrast,

11

to preserve their privacy—has identified other individuals with the same positions (teacher) and the same workplace (her school) who suffered similar treatment.

As to Defendants' contention that Ms. Bagarozzi has failed to plead that her 3020-a disciplinary hearing and charges occurred under circumstances giving rise to discrimination, this is simply false. Ms. Bagarozzi, in her Amended Complaint, noted that her 3020-a charges were based on alleged conduct occurring during the 2014-15 and 2016-17 school years. *See* Am. Compl., at ¶ 40. The allegations from the 2016-17 school year were those alleged, for discriminatory purposes, by Defendant Akil. *See id,*, at ¶ 28. Thus, in reading Ms. Bagarozzi's Amended Complaint in its entirety, it is plain that Ms. Bagarozzi sufficiently pled that her 3020-a charges were instituted against her in part because of Defendant Akil's discriminatory intent, stemming from his false allegation against Ms. Bagarozzi during the 2016-17 school year.

## C.   Plaintiff Has Stated Valid NYSHRL and NYCHRL Discrimination Claims Based on Race and Age

As very similar standards are applied based on race and age discrimination and hostile work environment claims under state and city law to Plaintiff's claims under federal law, these claims should proceed at this stage based on pendent jurisdiction as well.

Further, under the NYCHRL, the fourth prong of establishing a prima facie case of discrimination—that the circumstances surrounding an adverse employment action give rise to an inference of discrimination—is satisfied "if a member of a protected class was treated differently than a worker who was not a member of that protected class." *See Williams v Regus Mgt. Group, LLC*, 836 F Supp. 2d 159, 173 (S.D.N.Y. 2011); *Sank v. City Univ. of New York*, 2011 U.S. Dist. LEXIS 125016 (S.D.N.Y. Oct. 27, 2011); *see also Zimmerman v. Associates First Capital Corp.,* 251 F.3d 376, 381 (2d Cir. 2001). Ms. Bagarozzi has plainly alleged that Defendants treated her

differently than younger, non-white teachers when Defendants denied her per session opportunities that younger, non-white teachers received and subjected her to disciplinary charges.

Additionally, to state a hostile work environment claim under the NYCHRL, a plaintiff need only allege differential treatment of any degree based on a discriminatory motive. *Awad v. City of New York*, 2014 U.S. Dist. LEXIS 63234, at *7 (E.D.N.Y. May 7, 2014). ("Even a single comment may be actionable under [the] NYCHRL 'in appropriate circumstances.'") *Id.* A claim under the NYCHRL "should only be dismissed if plaintiff does not allege behavior by defendants that 'cannot be said to fall within the broad range of conduct that falls between severe and pervasive on the one hand and a petty slight or trivial inconvenience on the other.'" *Id.* (internal citations omitted). As previously noted, Ms. Bagarozzi has consistently noted that she was treated differently from younger, non-white teachers because of her age and race, including being evaluated differently, receiving disciplinary letters to file, being excluded from school events, and receiving disciplinary charges. Such differential treatment is more than a "petty slight or trivial inconvenience."

To the extent that Defendants claim a notice of claim is required for these claims, the Court should consider that Defendants were on notice through Plaintiff's official complaint filing with the New York State Division of Human Rights as early as August 10, 2017. *See* Am. Compl., at ¶ 49. In addition, a notice of claim is not required to be filed against a school principal or assistant principal as they are not officials of the District for purposes of a notice of claim. *See Collins v City of NY*, 156 F. Supp. 3d 448, 460 (S.D.N.Y. 2016).

13

## POINT II

## THE COMPLAINT PLEADS MORE THAN ADEQUATE VALID FIRST AMENDMENT RETALIATION CLAIMS

**A.      Standard of Law**

A First Amendment retaliation claim by a public employee requires a showing that: (1) she has engaged in protected First Amendment activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. *See Anemone v. Metro. Transp. Auth.*, 629 F.3d 97, 114 (2d Cir. 2011).

To determine whether Plaintiff's speech is protected, the Court must first determine whether the subject of her speech was (1) a matter of public concern, and if so, (2) whether she spoke as a private citizen or as a public employee. *See Matthews v. City of New York*, 779 F.3d 167, 172 (2d Cir. 2015). Matters of public concern are those that relate to "any matter of political, social, or other concerns to the community." *See Pekowsky v. Yonkers Bd. of Educ.*, 23 F. Supp. 3d 269, 276-77 (S.D.N.Y. 2014) (citing *Singer v. Ferro*, 711 F.3d 334, 339 [2d Cir. 2013]). Whether Plaintiff was speaking as a public employee and not a private citizen is a "practical" inquiry. *Weintraub v. Bd. of Educ. Of City Sch. Dist. Of City of N.Y.*, 593 F.3d 196, 202 (2d Cir. 2010). Notably, union advocacy representation on behalf of other members qualifies as conduct as a private citizen and may be protected under the First Amendment. *See Payson v Bd. of Educ. of Mount Pleasant Cottage Sch.*, 2017 US Dist LEXIS 154296, at *57 (S.D.N.Y. Sept. 20, 2017).

Furthermore, union representation of another employee, on a matter which did not affect the union representative individually, is a matter of public concern. *Pekowsky v. Yonkers Bd. of Educ.*, 23 F. Supp. 3d 269, 277-78 (S.D.N.Y. 2014) (union activity included, *inter alia*, representing other teachers at a meeting regarding conflicts with management); *Bennett v. Lucier*, 2010 U.S.

14

Dist. LEXIS 130308, at *1-2 (NDNY Dec. 9, 2010) (plaintiff represented and advocated for another teacher, whom he believed had been mistreated).

**B.      Plaintiff Spoke as a Private Citizen**

As previously noted, union advocacy representation on behalf of other members qualifies as conduct as a private citizen and may be protected under the First Amendment. *See Payson*, 2017 US Dist LEXIS 154296, at *57. Contrary to Defendants' position, Ms. Bagarozzi's speech as a surrogate to the union chapter leader does not owe its existence to her professional responsibilities, because the grievances she filed centered around matters that did not concern Ms. Bagarozzi's own employment duties. *See id.* (contrasting grievances filed that were within the scope of the plaintiff's employment duties—which qualifies as conduct as a public employment—versus representation of fellow employees regarding claims that did not fall within the plaintiff's own employment duties). In the Amended Complaint, Ms. Bagarozzi pled that she filed grievances on behalf of the faculty and staff at the School regarding parking permits that were not extended to all staff members at the school; on behalf of students at the School relating to students with special needs not receiving mandated services; regarding the administration's failure to file an Occurrence Report about an incident with a student; regarding improper post-evaluation procedures relating to observations; and relating to a disciplinary letter to file which was issued to her more than three months after an incident. *See* Am. Compl. at ¶¶ 18-22. In filing at least some of these grievances, Ms. Bagarozzi acted as a private citizen, as they centered around issues that did not fall within Ms. Bagarozzi's own employment duties. Certainly, ensuring that staff members receive parking permits and that students with special needs receive their mandated services falls outside the scope of Ms. Bagarozzi's employment duties; she is not a Special Education teacher, but an English teacher, and she is not an administrator charged with issuing parking permits.

C.     **Plaintiff's Spoke on Matters of Public Concern**

In filing these aforementioned grievances, Ms. Bagarozzi engaged in union representation of other employees on matters which did not affect her individually; thus, on matters of public concern. *See Pekowsky*, 23 F. Supp. at 277-78. She filed grievances relating to the issuance of parking permits not to her, but to all staff members and in regards to the failure of individuals in filing an Occurrence Report about an incident with a student. Certainly, these issues were not personal in nature, but related to matters that affected the school community as a whole.

**CONCLUSION**

For the foregoing reasons, Ms. Bagarozzi respectfully requests that the Court deny Defendants' motion to dismiss the complaint in its entirety, order the case to proceed to discovery on all material factual issues, and grant such other and further relief as the Court may deem just and proper.

Dated:         New York, New York
               October 30, 2018

                         **GLASS & HOGROGIAN LLP**
                         Attorneys for Plaintiff
                         85 Broad Street, 18th Floor
                         New York, NY 10004
                         (212) 537-6859

                         By: _____ s/ _____
                                Bryan D. Glass, Esq.